UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO.3:20-cr-151-BJD-JBT

FRANCISCO GONZALEZ BENITEZ

### SENTENCING MEMORANDUM

The Defendant, FRANCISCO GONZALEZ BENITEZ, by and through counsel, Jeremy Lasnetski, Shorstein, Lasnetski, & Gihon, hereby files the following Sentencing Memorandum setting forth all factors that the Court should consider in determining the type and length of sentence that is sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. §3553(a).

### INTRODUCTION

On April 15, 2021, the government filed a Superseding Information charging one count of conspiracy to possess with intent to distribute and to distribute controlled substances, in violation of 21 U.S.C. §846, one count of conspiracy to conduct financial transactions involving the proceeds of a drug trafficking conspiracy, in violation of 18 U.S.C. §1956(h), and one count of

1

attempting, and aiding and abetting an attempt to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A) and 18 U.S.C. §2.

On April 15, 2021, Mr. Gonzalez Benitez entered a plea of guilty as charged to all three counts pursuant to a plea agreement.  Mr. Gonzalez Benitez is scheduled for sentencing on Monday, August 15th at 10:00 AM.

The Presentence Investigation Report (hereinafter "PSR") indicates that Mr. Gonzalez Benitez's total offense level is 37, his criminal history category is II and the guideline imprisonment range is 235-293 months. Although the minimum term of imprisonment is 10 years, Mr. Gonzalez Benitez meets the 18 U.S.C. §3553(f)(1)-(5) criteria, which states "…the court shall impose a sentence pursuant to the guidelines promulgated by the United States Sentencing Commission under section 994 of title 28 without regard to any statutory minimum sentence…"

On August 8, 2022, the Government filed a Motion for Downward Departure based on Mr. Gonzalez Benitez's substantial assistance, pursuant to U.S.S.G. §5K1.1, requesting a six (6) level reduction in his total offense level, which would result in a guideline range of 121-151 months.

## APPLICATION OF 3553(a) FACTORS AND REQUEST FOR VARIANCE

The Eleventh Circuit adopted a two step sentencing procedure in *United States v. Tally*, 431 F.3d 784 (11th Cir. 2005). First, the district court must consult the Guidelines and correctly calculate the applicable range. *Id.* Second, the district court must consider ten factors in determining a reasonable sentence. *Id.* Those ten factors are listed in 18 U.S.C. §3553(a).

The ten factors the Court should consider include the nature and circumstances of the offense and history and characteristics of the Defendant, the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the kinds of sentences available; the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; any pertinent policy statement; the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims of the offense. The Court in

*Tally* determined that the sentencing guidelines, although central to the sentencing process, cannot be held, per se, reasonable. *Id.*

Based on the above-listed §3553(a) factors and the following facts and reasons, Mr. Gonzalez Benitez respectfully requests that the Court grant the government's motion for a downward departure by six (6) levels and grants a downward variance by two (2) additional levels.

## History and Characteristics of Defendant

Mr. Gonzalez Benitez was raised in a world of drug trafficking. Before he was able to have a chance to become a contributing, law abiding adult, his mother and father introduced him to a dark underworld. Growing up poor in Mexico, Mr. Gonzalez Benitez's parents brought him into the United States before the age of 18. While other parents were picking out lunchboxes and backpacks for their children's first days of school, Mr. Gonzalez Benitez's parents were teaching him and his brothers a life of drug distribution. As school was not a priority in his upbringing, Mr. Gonzalez Benitez dropped out of high school during his junior year.

When Mr. Gonzalez Benitez's father became ill, his father turned to Mr. Gonzalez Benitez, his eldest child, to care for the family by turning over the illicit business. Mr. Gonzalez Benitez used some of the proceeds to pay for his father's

medical bills.  Knowing no other lifestyle than that taught by his parents, Mr. Gonzalez Benitez became accustomed to the lifestyle and improving his family's lot in life through the illicit sale of narcotics.

Mr. Gonzalez Benitez is the father of four children ranging from one to thirteen years of age.   He has been careful not to bring them into the same lifestyle that Mr. Gonzalez Benitez was brought into during his childhood.  Mr. Gonzalez Benitez has financially supported his children and wanted a better life for them. He now understands that he went about providing for his family the wrong way and his actions have caused serious negative consequences to our society, to his family and to himself.  He also understands that he will receive a significant punishment, followed by deportation.

## Nature and Circumstances of Offense

In September 2017, U.S. postal inspectors seized four (4) parcels that contained various amounts of cocaine, methamphetamine, and marijuana. Investigation led to Mr. Gonzalez Benitez, Mr. Gonzalez Benitez's brother, Jose Gonzalez, and Jose Gonzalez's girlfriend, Tina Watson.

The conspiracy involved Mr. Gonzalez Benitez's family members and distribution of controlled substances from California into Florida.  While Mr. Gonzalez Benitez would send the controlled substances from California, Mr.

Gonzalez Benitez's brother would receive them and manage operations in Florida.

In 2014, Mr. Gonzalez Benitez worked as a confidential informant for DEA agent Nathan Koen. Beginning in 2016, Agent Koen offered Mr. Gonzalez Benitez inside information and protection related to the controlled substance distribution in exchange for money payouts. Agent Koen was arrested and prosecuted, with the cooperation of Mr. Gonzalez Benitez, as discussed below.

## Substantial Assistance

Mr. Gonzalez Benitez's cooperation has been substantial and his risk of being targeted because of that cooperation is great. On November 27, 2018, FBI Agents interviewed Mr. Gonzalez Benitez in California and he agreed to cooperate by explaining how DEA Agent Koen would provide him with information and protection in exchange for monetary payments. Mr. Gonzalez Benitez agreed to fully cooperate with law enforcement in the investigation and prosecution of Mr. Koen.

On December 3, 2018, Mr. Gonzalez Benitez participated in an FBI sponsored controlled bribery payment with Agent Koen. Mr. Gonzalez Benitez, outfitted with a recording device, met with Agent Koen and offered him money

in exchange for inside information provided by Agent Koen. FBI agents arrested Agent Koen the very next day.

On April 28th, 2021, Mr. Gonzalez Benitez provided a two hour proffer to federal authorities. On September 14, 2021, Agent Koen pled guilty to accepting bribes from Mr. Gonzalez Benitez.

On January 27th, 2022, Mr. Gonzalez Benitez was transferred from the Baker County Detention Facility to be closer to Arkansas, for the purpose of testifying at Nathan Koen's sentencing hearing. Prior to Mr. Gonzalez Benitez's testimony, he met with federal authorities for approximately two (2) hours. Two days after meeting with the federal authorities, Mr. Gonzalez Benitez was accosted in jail. Correctional officers had told inmates that Mr. Gonzalez Benitez was cooperating with law enforcement. An inmate, who was a member of a gang, pulled a knife on Mr. Gonzalez and demanded that Mr. Gonzalez Benitez "check in." This is a term used by inmates referring to an inmate checking themselves into protective custody. Thankfully, with the help of the United States Attorney's Office, Mr. Gonzalez Benitez was moved to a different facility two days later. However, this incident illustrates the constant threat of violence that Mr. Gonzalez Benitez will endure while incarcerated.

On April 6th, 2022, Mr. Gonzalez Benitez testified in open court on behalf of the federal government during Agent Koen's sentencing hearing. Agent Koen's sentencing hearing was continued to May 11, 2022.  Mr. Gonzalez Benitez was again brought to the courthouse on May 11, 2022 to offer additional testimony, however his testimony was not required a second time.  In large part based on Mr. Gonzalez Benitez's testimony, Agent Koen was sentenced to 135 months in prison.

Mr. Gonzalez Benitez's cooperation and substantial assistance directly led to the prosecution and sentence of Agent Koen, helping to remove a compromised supervisory federal law enforcement officer from a position of trust.  In so doing, Mr. Gonzalez Benitez has placed his life at risk by offering his cooperation and will live in custody under constant threat of violence because of that cooperation.

By cooperating against former DEA Agent Koen, Mr. Gonzalez Benitez has put his and his family's lives on the line in several ways.  First, because of the high profile nature of Agent Koen's case, Mr. Gonzalez Benitez's cooperation has been publicized in the media, making him a target of other inmates while in custody.  Mr. Gonzalez Benitez's name and details of his cooperation have been

published in the Arkansas Democrat Gazette[1], The Florida Times-Union,[2] Borderlandandbeat.com,[3] First Coast News reports[4], and more.   The high level of publicity and involvement of a federal agent creates a greater risk for Mr. Gonzalez Benitez.

Second, because Mr. Koen is a law enforcement officer and because Mr. Gonzalez Benitez testified against a law enforcement officer, he may be a target of sympathetic law enforcement correctional officials within the federal prison system.  The unique facts of this case make Mr. Gonzalez Benitez a target  of both inmates and guards within the prison system making him particularly vulnerable.

## Need to Avoid Unwarranted Sentence Disparities

On May 25, 2022, this Court sentenced Mr. Gonzalez Benitez's brother and co-conspirator, Jose Manuel Gonzalez to 120 months. (Case 3:19-cr-56; Doc. 93). On May 17, 2022, Nathan Koen was sentenced to 135 months by the district court in the Eastern District of Arkansas (Case 4:19-cr-637; Doc. 47).

---

[1] https://www.arkansasonline.com/news/2022/apr/07/former-dea-agent-from-little-rock-contends-money/
[2] https://www.jacksonville.com/story/news/courts/2021/09/15/jacksonville-dea-agent-guilty-taking-bribes-facilitating-drug-deals/8351715002/
[3] http://www.borderlandbeat.com/2022/05/former-dea-agent-sentenced-to-11-years.html
[4] https://www.firstcoastnews.com/article/news/crime/dea-agent-pleads-guilty-bribes-drug-kingpin-meth-heroin-cocaine/77-a34ec564-d079-425f-84f5-7b484282e1e4

In Jose Manuel Gonzalez's case, Mr. Gonzalez possessed a firearm and was equally involved in the family conspiracy efforts. In contrast, Mr. Gonzalez Benitez possessed no firearm and provided more valuable substantial assistance that carried greater weight in the prosecution and sentencing of Agent Koen, which in turn, puts him at greater risk. Mr. Gonzalez Benitez would respectfully request a two level downward variance from Mr. Gonzalez's sentencing range, based on these factors.

Agent Koen was sentenced to 135 months, which is just 15 months more than the bottom of Mr. Gonzalez Benitez's current recommended guideline sentence. Unlike Agent Koen, Mr. Gonzalez Benitez provided extraordinary substantial assistance by wearing a recording device when he met with a presumed armed federal agent to offer a bribe. Also, Agent Koen was in a sworn position of trust that created a dangerous situation for his colleagues and society in general.

Based on the aggravating factors in both Mr. Gonzalez's case (possession of a firearm) and Agent Koen's case (lack of substantial assistance and position as a federal drug enforcement agent), Mr. Gonzalez Benitez respectfully requests a two (2) level downward variance.

## CONCLUSION

Mr. Gonzalez Benitez's guideline range as calculated in the PSR is 235-293 months. The Government has requested a six (6) level downward departure reduction, based on substantial assistance, to 121-151 months. Mr. Gonzalez Benitez respectfully requests an additional two (2) level downward variance, providing for a guideline sentence of 97-121 months and to sentence him to ninety seven (97) months, which would be sufficient, but not greater than necessary, to satisfy the §3553(a) factors.

Respectfully submitted,

By: /s/Jeremy Lasnetski
JEREMY LASNETSKI
Florida Bar No. 0512524
Shorstein, Lasnetski & Gihon
6550 St. Augustine Rd., Ste. 303
Jacksonville, Florida 32217
Telephone: (904) 642-3332
Facsimile: (904) 685-4580
Email: jeremy@slgattorneys.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Michael Coolican, Esquire
Assistant U.S. Attorney
United States Attorney's Office
300 North Hogan Street, Suite 700
Jacksonville, Florida 32202

/s/ *Jeremy Lasnetski*
Jeremy Lasnetski, Esquire
Florida Bar No.: 0512524
Shorstein, Lasnetski, & Gihon
6550 St. Augustine Rd., Ste. 303
Jacksonville, Florida 32217
Telephone: (904) 642-3332
Facsimile: (904) 685-4580